The American Trading Company, Apelada, *v.* Quevedo, Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 979.—Resuelto en junio 28, 1913.

Hipoteca Representada por Varios Pagarés Hipotecarios—Adquisición de las Fincas Hipotecadas en Pago de un Pagaré—Derechos de los Tenedores de los Pagarés Posteriores.—La compañía demandante dueña del pagaré hipotecario No. 3 de una serie de varios pagarés garantizados por una sola hipoteca, instituyó el procedimiento sumario hipotecario para el cobro de dicho pagaré y no habiendo comparecido licitadores en el acto de la subasta, se le adjudicaron todos los bienes hipotecados en pago parcial del citado pagaré. La demandada dueña del pagaré No. 9 al vencimiento del mismo inició para su cobro el procedimiento sumario hipotecario contra ''The American Trading Company.'' Durante la pendencia de este procedimiento dicha compañía presentó una demanda para anular este procedimiento hipotecario y para que se cancelara en el registro la hipoteca que garantizaba los pagarés posteriores al pagaré No. 3. Se resolvió:

1. Que ''The American Trading Company'' no tiene derecho a pedir la cancelación de la hipoteca en cuestión, porque en la adquisición de los bienes hipotecados no siguió los preceptos legales vigentes sobre la materia y no respetó los derechos recíprocos de los dueños de los otros pagarés.

2. Que Inocencia Quevedo Castellano equivocó su derecho al ejercitar el procedimiento sumario hipotecario, pues su causa de acción era contra ''The American Trading Company'' para que se le entregara una parte proporcional del producto de la venta en pública subasta.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. José Benet.*

Abogado de la apelada: *Sr. Edward S. Paine.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

The American Trading Company adquirió el pagaré hipotecario No. 3 de una serie concurrente de pagarés garantizados por una sola hipoteca. Los pagarés anteriores fueron pagados en su oportunidad y al vencer y no ser pagado el pagaré No. 3, The American Trading Company utilizó el procedimiento sumario de la Ley Hipotecaria para cobrarlo y en el acto de la subasta, en virtud de que no comparecieron licitadores, se le adjudicaron a dicha compañía todos los bienes gravados con la mencionada hipoteca, cuya adjudica-

ción se hizo por la cantidad de $4,830, en pago parcial de
su crédito. Estos hechos constan de una manera más deta-
llada en la opinión emitida en el caso No. 840 *The American
Trading Company* v. *Monserrat,* (pág. 979).

Cuando The American Trading Company comenzó el proce-
dimiento sumario hipotecario para el cobro de su pagaré No.
3, estaban sin pagar otros pagarés garantizados por la misma
hipoteca, ninguno de los cuales había vencido. Estos pagarés
han sido causa de muchos pleitos, a saber: *The American
Trading Company* v. *Sepúlveda, Juez de Distrito,* 18 D. P. R.,
356; *The American Trading Company* v. *Sepúlveda, Juez de
Distrito,* 18 D. P. R., 860; *Quevedo* v. *The American Trading
Company et al.,* 15 D. P. R., 459; *The American Trading
Company* v. *Monserrat,* 18 D. P. R., 273; *Quevedo* v. *The
American Trading Company et al.,* 18 D. P. R., 955; *The
American Trading Company* v. *Quevedo,* 18 D. P. R., 519,
siendo casi todos procedimientos extraordinarios indebida-
mente comenzados y no presentándose en ninguno de ellos
la oportunidad clara de resolver la naturaleza esencial de
la hipoteca envuelta.

El causante de la parte apelante en este caso era el dueño
del pagaré No. 9 y antes de que venciera este pagaré enta-
bló en la Corte de Distrito de Mayagüez un pleito radicado
bajo el No. 1767, contra The American Trading Company,
para sujetar a esta compañía al pago en su día del importe
del citado pagaré No. 9, por la razón de que The American
Trading Company había, en virtud de la adjudicación que
hemos mencionado, adquirido el dominio de las fincas que
quedaban gravadas con la hipoteca a que hemos hecho refe-
rencia. El citado caso No. 1767 de la Corte de Distrito de
Mayagüez fué resuelto en dicha corte por medio de senten-
cia contra la parte demandante, la cual fué confirmada por
este tribunal en grado de apelación, por defectos en la trans-
cripción de autos.

Después del vencimiento del pagaré No. 9, Inocencia Que-
Vedo Castellano, o sea la apelante en este caso, alegando

ser dueña de dicho pagaré, entabló procedimiento sumario en la Corte de Distrito de Mayagüez bajo el No. 3238, contra The American Trading Company. Durante la pendencia de este procedimiento sumario se inició también el presente pleito bajo el No. 3490 en la misma Corte de Distrito de Mayagüez, por The American Trading Company contra Inocencia Quevedo Castellano.

El objeto de la demanda presentada en la corte inferior en este pleito No. 3490 es anular el procedimiento sumario hipotecario, alegando la demandante como fundamento para ello la nulidad de uno de los endosos del pagaré No. 9, alegando asimismo, que dicho pagaré No. 9 por razón de los procedimientos basados en el pagaré No. 3 había quedado convertido en una obligación de carácter personal y que The American Trading Company adquirió los bienes libre de los créditos de la parte apelante. Uno de los pronunciamientos que se pedían en la demanda era el de que se declarara cancelada en el registro de la propiedad la hipoteca que garantizaba los pagarés ya descritos, pidiéndose también la nulidad del procedimiento hipotecario seguido bajo el número 3238. En 25 de noviembre de 1912 la corte dictó sentencia concediendo sustancialmente todas las peticiones de la demanda.

Ya hemos visto en el caso No. 840 de *The American Trading Company* v. *Monserrat,* resuelto en el día de hoy, que The American Trading Company no tenía derecho a solicitar la cancelación de la hipoteca, porque al obtener la adjudicación de los bienes en litigio no se había ajustado a la ley, y no había tenido en cuenta los derechos recíprocos de los dueños de los otros pagarés que aun tienen créditos hipotecarios pendientes.

Sin embargo, Inocencia Quevedo Castellano por el hecho de iniciar el procedimiento sumario hipotecario equivocó la acción que debía de ejercitar. Ella tenía una acción contra The American Trading Company para que se le entregara la parte proporcional que le tocaba del producto de la venta

en pública subasta.    Véase el caso No. 840 *The American Trading Company* v. *Monserrat,* resuelto en el día de hoy y el de *Lovell* v. *Cragin,* 136 U. S., 130.

Nos inclinamos a creer que Inocencia Quevedo Castellano no estaba impedida de ejercitar su causa de acción por el fundamento de cosa juzgada, pero de cualquier manera que fuera, esta cuestión carece de importancia pues ninguna de las acciones que se han entablado por ella fundadas en el pagaré No. 9 eran procedentes, pues la causa de acción del verdadero dueño de ese pagaré era completamente distinta de las ejercitadas.

Por tanto la sentencia apelada debe ser revocada en cuanto ordena la cancelación de la hipoteca en el registro y confirmada en cuanto decreta la nulidad del procedimiento sumario hipotecario iniciado por Inocencia Quevedo Castellano contra The American Trading Company bajo el No. 3238.

> *Revocada la sentencia en cuanto ordena la cancelación de la hipoteca en el registro y confirmada en cuanto anula el procedimiento sumario hipotecario.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.